

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 6, 1962

Honorable J. M. Falkner
Commissioner
Department of Banking
Austin, Texas

Opinion No. WW-1351

Re: Whether it is necessary
for the liquidator to
comply with the provi-
sions of Article 3272b,
V.C.S., where the banking
institution has been
closed and is in the
process of being liqui-

Dear Mr. Falkner:

dated.

You have asked this office whether the provisions of
Article 3272b, Vernon's Civil Statutes, other than Section 5,
apply to funds in state banks which have been closed and are
in the process of being liquidated.

In brief, Article 3272b, V.C.S., requires depositories
to advertise by publication in a newspaper during May of 1962,
all deposits which have remained dormant for seven years and to
turn over such deposits of $25 or less to the State Treasurer
before May 1 of 1963 if unclaimed within nine months. The statute
authorizes the depository to deliver unclaimed dormant deposits
in excess of $25 to the State Treasurer if the depository con-
cludes that further effort to locate the depositor would be un-
warranted, otherwise such deposits must be held by the depository
and advertised annually. Further, depositories are required by
the statute to preserve all such deposits intact without making
any charge against or transfer from the same except for paying
certain expenses incurred in attempting to locate the depositors.

The term "depository" as used in Article 3272b is defined
in Section 1a as follows:

". . .any bank, savings and loan association,
banking institution or organization which receives
and holds for others deposits of money or its equi-
valent in banking practice or other personal property
in this State, or in other States for residents last
known to have resided in this State."

Thus, it is seen that the statute does not in plain terms apply to the State Banking Commissioner or to any other liquidator, but only to the banking institution itself--an entity which ceases to function as a going concern with the commencement of liquidation proceedings. In fact, the only provision of Article 3272b which expressly imposes any duties on the State Banking Commissioner in connection with the escheat of dormant deposits and inactive accounts is Section 5, which provides in part:

> "The State Banking Commissioner shall transfer to the State Treasurer for deposit in the State Conservator Fund all dormant deposits and other funds formerly owned by or deposited in liquidated depositories which have been held by the Commissioner for more than twenty (20) years and of which the whereabouts of the depositors, creditors, or owners have been unknown to him for more than twenty (20) years. Upon delivery, together with a certificate of such facts under oath of the State Banking Commissioner, the funds shall be subject to conservation and disposition under the terms of this Article. The State Banking Commissioner shall deliver to the State Treasurer a record of the names of the liquidated depositories, and the names and last known addresses of the depositors and creditors and the amounts of the deposits, credits, or other funds."

The quoted provision fails to disclose any intention on the part of the Legislature to require the Commissioner or any liquidator of a bank to preserve, advertise, report, and deliver funds under the procedures applicable to funds of seven years' dormancy. Indeed, by providing a special procedure for the escheat of funds in the hands of the Banking Commissioner, it may be inferred that the Legislature intended to exclude the application of all other escheat procedures to these funds. It is a well settled rule of statutory construction that the express mention of one thing in a statute is tantemount to an express exclusion of all others--the "Expressio Unius" rule, 39 Tex.Jur. 188, Statutes, Sec. 100.

We deem this rule of construction to be controlling in this situation even though we view Section 5, for reasons which will hereinafter be explained, as relating only to funds left over for depositors at the termination of a liquidation, as opposed to funds of a bank in the process of being liquidated. In either event the specific language of Section 5 with reference to the State Banking Commissioner militates against the conclusion that the more general

language of the Act requiring advertising, preservation intact, reporting and delivery to the State Treasurer of funds of seven years' dormancy was intended to apply to funds in the hands of liquidators. Section 5 discloses that the Legislature at the time it enacted this statute was not unaware of the existence of dormant deposits and inactive accounts in the hands of liquidators and that the Legislature was disposed to use precise terms applicable to this situation where it intended such funds to be covered by the act.

This construction of the statute is further premised on the fact that a contrary ruling would afford the State and the missing depositors an advantage and the creditors of the bank a correlative disadvantage which is counter to the whole purpose of our State's liquidation laws with reference to State banks. Statutory enactments are to be construed so as to avoid hardship and inconvenience where they are susceptible of a different construction. 25 Tex.Jur. 227, Statutes, Sec. 119. Moreover, a statute will be construed with reference to the entire body of law existing at the time of its enactment and with reference to the general system of legislation of which it forms a part. 25 Tex.Jur. 252, Statutes, Sec. 134. The liquidation statutes on state banks and the subject escheat statute relative to banks are in pari materia by virtue of relating to the same class of things, and hence are to be taken, read, and construed together. 25 Tex.Jur. 253, Statutes, Sec. 135.

The liquidation statutes (Articles 342-801; 342-816, V.C.S.) contemplate payment on the basis of the assets available to meet the liabilities of the bank and the nature and time of presentment of claims against such assets. At the conclusion of the liquidation proceedings the Commissioner must deposit all unclaimed dividends and all funds available for nonclaiming depositors and creditors in a bank or banks for the benefit of such persons should they appear and demand payment. Articles 342-815, V.C.S. These funds may or may not approximate the amount of the deposit originally credited to the depositor.

The subject escheat statute (Article 3272b, V.C.S.) on the other hand, contemplates payment to the depositor (or, in other words, to the State Conservator Fund in the case of the depositor whose whereabouts has been unknown for seven years) of the full amount of the deposit, less only the cost of efforts to locate the depositor. It is readily seen that where a bank has been liquidated or is under liquidation proceedings, the creditors and depositors who file their claims in the time prescribed by law are likely to be placed at a disadvantage in consequence of allowing the payment to the missing depositor (i.e., the State Conservator Fund) on a

different basis than the other depositors and creditors. The effect would be to constitute the missing depositors a preferred class to the detriment of the other depositors and creditors.

It is our opinion that so long as liquidation proceedings are pending, neither the State Banking Commissioner nor any other liquidator is required to advertise, preserve, and deliver funds of seven years' dormancy to the State Treasurer.

Your inquiry raises the further question of whether Section 5 requires a transfer of funds of twenty years' dormancy to the State Conservator Fund before the termination of the liquidation proceedings. Significantly, Section 5 refers to: ". . . funds . . . in . . . liquidated depositories . . .", as opposed to funds in "depositories under liquidation" or "depositories being liquidated." Further, the special treatment which would be accorded missing depositors by allowing transfer to the State Conservator Fund before all other claims have been settled would, again, appear to be contrary to the object of the liquidation statutes. Since the State Banking Commissioner remains responsible for the payment of unclaimed deposits even after his final discharge as liquidator (Article 342-815, V.C.S.), the requirement of Section 5 that the Commissioner transfer the funds is in no way inconsistent with the view that such transfer is to be made only after final discharge of the liquidator. It is our opinion that Section 5 applies only to funds of twenty years' dormancy which have survived the liquidation process and have been deposited in Court for the benefit of non-claiming depositors.

S U M M A R Y

So long as liquidation proceedings are pending, neither the State Banking Commissioner nor any other liquidator is required to advertise, preserve, and deliver funds of seven years' dormancy to the State Treasurer. Under the terms of Section 5 the liquidator is required to deliver funds of twenty years' dormancy to the State Conservator Fund, after the liquidation proceedings have been terminated.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Henry G. Braswell
Assistant

Honorable J. M. Falkner, page 5 (WW-1351)

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Morgan Nesbitt
Jack Price
Coleman Gay
Pat Bailey

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.